[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13340
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20908-CMA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY BURTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 7, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Larry Burton appeals his 70-month sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After review, we affirm.

For the first time on appeal, Burton argues that the district court erred in treating his three prior felony drug convictions under Florida Statutes § 893.13(1)(a) as "controlled substance offenses" under U.S.S.G. § 2K2.1(a)(2). [1] Section 893.13(1)(a) makes it unlawful "to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a).

Because Burton did not dispute in the district court that his prior Florida convictions qualified as controlled substance offenses, our review is limited to plain error.  See United States v. Castro, 455 F.3d 1249, 1251 (11th Cir. 2006). For an error to be plain, it must be clear under current law.  Id. at 1253.  "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  Id. (quotation marks omitted).

---

[1]Burton's presentence investigation report (PSI) identified two of the felony drug convictions as "Cannabis, Sell, Manufacture, Deliver, Possession with Intent," and the third felony drug conviction as "Cocaine Sell, Manufacture, Deliver, Possession with Intent."  The PSI did not identify the statute underlying these convictions, but the parties agree that Burton's drug convictions were for violating Florida Statutes § 893.13(1)(a).

Under § 2K2.1, the defendant's offense level increases to 24 if he has two prior felony convictions for either a crime of violence or a "controlled substance offense."  U.S.S.G. § 2K2.1(a)(2).  The term "controlled substance offense" as used in § 2K2.1, means:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (emphasis added); see also 2K2.1(a)(2) cmt. n.1 (providing that § 4B1.2(b)'s definition of "controlled substance offense" applies to offense level enhancements under § 2K2.1).

A violation of Florida Statutes § 893.13(1)(a) falls squarely within U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense."  As a violation of Florida criminal law, it is an "offense under federal or state law."  See U.S.S.G. § 4B1.2(b).  Given that a § 893.13(a)(1) cocaine offense is a second degree felony that carries a fifteen-year maximum prison term and a § 893.13(a)(1) cannabis offense is a third degree felony that carries a five-year maximum prison term, these § 893(a)(1) offenses meet U.S.S.G. § 4B1.2(b)'s requirement that the state offense be punishable by imprisonment for a term exceeding one year.  See Fla. Stat. §§ 893.13(1)(a)(1)-(2); 893.03(2)(a); 775.082(3)(c)-(d).  And, by making it unlawful "to sell, manufacture, or deliver, or possess with intent to sell,

3

manufacture, or deliver" cannabis and cocaine, Florida Statutes § 893.13(a)(1) clearly "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense," as defined in U.S.S.G. § 4B1.2(b). The district court's treatment of Beasley's convictions was not erroneous, much less plain error, under the language of § 4B1.2(b).

Burton argues that a § 893.13(a)(1) violation can never be a controlled substance offense in U.S.S.G. § 4B1.2(b) because only knowledge of the presence of the substance, but not its illicit nature, is an element of a § 893.13(1)(a) offense. See State v. Adkins, 96 So. 3d 412, 415-16, 423 (Fla. 2012); see also Shelton v. Sec'y, Dep't of Corrs., 691 F.3d 1348, 1350-51 (11th Cir. 2012), cert. denied, 133 S. Ct. 1856 (2013) (explaining that the Florida legislature's 2002 amendment to § 893.13(1)(a) "did not completely eliminate mens rea from Florida drug crimes; it converted one aspect of mens rea [the illicit nature knowledge] from an element of the crime into an affirmative defense). However, the plain language of § 4B1.2(b) does not require knowledge of the substance's illicit nature for an offense to be a controlled substance offense. See U.S.S.G. § 4B1.2(b) (requiring only that the state law "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance"). Thus, Burton cannot show plain error.

4

Burton relies on Donawa v. United States Attorney General, 735 F.3d 1275 (11th Cir. 2013), but Donawa has no application here.  Donawa involved whether an alien's conviction under Florida Statutes § 893.13(1)(a) qualified as an "aggravated felony" under the Immigration and Nationality Act, which defines the term to include drug trafficking offenses listed in 18 U.S.C. § 924(c)(2).  Donawa, 735 F.3d at 1280.  Burton's reliance on Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013), is similarly misplaced.  Descamps concluded that a defendant's prior California burglary conviction did not qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Descamps, 133 S. Ct at 2285-86.  Given that Descamps and Donawa address other federal statutes and do not address whether an offense under Florida Statutes § 893.13(1)(a) is a controlled substance offense under U.S.S.G. § 4B1.2(b), their holdings cannot establish plain error in this case.

For these reasons, Burton has not shown plain error.  See Castro, 455 F.3d at 1253.  Accordingly, we affirm Burton's 70-month sentence.

**AFFIRMED.**

5