PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On December 22, 2010, the Committee filed its report proposing amendments to the standard criminal jury instructions. The report was filed under Case No. SC10-2434. The proposed amendments to instructions 25.9-25.13, the drug trafficking instructions, were severed from that case, and the instant case was opened.
Consistent with the Court’s decision in State v. Adkins, 96 So.3d 412 (Fla.2012), instructions 25.9-25.13 are amended to remove element 4, the requirement that the defendant have knowledge of the illicit nature of the substance, and to add language that lack of knowledge of the illicit nature of the substance is an affirmative defense. In Adkins, a majority of the Court held that the guilty knowledge element, in light of the express language in section 893.101, Florida Statutes (2011), is limited to knowledge of the presence of the substance sold, purchased, manufactured, delivered, or brought into the state. Id., at 423. Knowledge of the illicit nature of the controlled substance is, under the statute, an affirmative defense. Id. Instructions 25.9-25.13 are amended to properly reflect the Legislature’s intent.
The instructions are also amended as follows: to include alternate elements 1 and 2 to be given to the jury in the event that the defendant intended to traffic in one controlled substance ánd instead trafficked in another controlled substance; to include a note to the .trial judge that a special instruction is needed when drugs are found in jointly-occupied premises, in a common area, in plain view, and in the presence of the owner or occupant; and to instruct the jury of the permissive inference “that a person who sells a controlled substance knows of its illicit nature.”
Instructions 25.9-25.13, as amended, retain the following language: “If you have a reasonable doubt on the question of whether defendant knew of the illicit nature of the controlled substance, you should find defendant not guilty.” This not only is consistent with the Committee’s proposal, but is also consistent with the other drug- *1212 related criminal instructions which provide that lack of knowledge of the illicit nature of the substance is an affirmative defense and that knowledge of the nature of the substance is not an element. See, e.g., Instructions 25.2, Drug Abuse-Sale, Purchase, Manufacture, Delivery, or Possession With Intent; 25.3, Drug Abuse-Sale, Purchase, Delivery, or Possession in Excess of Ten Grams; 25.4, Drug Abuse-Delivery to or Use of Minor; 25.5, Drug Abuse-Bringing Into State; 25.6, Drug Abuse-Contraband in Specified Locations; 25.7, Drug Abuse-Possession; and 27.8, Drug Abuse-Obtaining Controlled Substance by Fraud, Etc.
Finally, we request the Committee to expeditiously review jury instructions 25.2-25.8 and make a recommendation to the Court whether any amendments to those instructions are warranted in light of the Court’s decision here, or in light of Adkins. We also request that the Committee make a recommendation whether instructions 25.9-25.13 should be amended in light of Smith v. United States, — U.S. -, 133 S.Ct. 714, 184 L.Ed.2d 570 (2013) (holding that due process is not violated by placing upon a criminal defendant the burden of proving the affirmative defense of withdrawal from the charged conspiracy).
In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.[1]
It is so ordered.
PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion, in which POLSTON, C.J., concurs.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.