[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13526
_____

Agency Case No. A040-157-660

DWIGHT DION DONAWA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
(November 7, 2013)

Before MARTIN, JORDAN and SUHRHEINRICH,[*] Circuit Judges.

MARTIN, Circuit Judge:

Dwight Dion Donawa petitions for review from an order of the Board of

Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) determination

that Mr. Donawa is not eligible for cancellation of removal because he committed

_____
[*] Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation.

an aggravated felony. We must decide whether a conviction under Fla. Stat.

§ 893.13(1)(a)(2) for the possession of cannabis with the intent to sell or deliver is,

as a matter of law, a drug trafficking aggravated felony. After a careful review of

the record, and with the benefit of oral argument, we conclude that it is not.

I.

The Immigration and Nationality Act (INA) allows the government to deport

noncitizens who are convicted of certain crimes while in the United States,

including drug offenses. 8 U.S.C. § 1227(a). Ordinarily, a deportable noncitizen

may ask the Attorney General for discretionary relief from removal. See id.

§ 1229b. But if that noncitizen has been convicted of an aggravated felony, he is

not only deportable; he is also ineligible for any discretionary relief. Id.

§ 1229b(a)(3), (b)(1)(C). Mr. Donawa now finds himself in precisely this

unenviable position: the BIA has determined that he was convicted of a crime that,

as a matter of law, qualifies as an aggravated felony. This BIA determination

gives the Attorney General no choice but to deport Mr. Donawa.

Mr. Donawa is a native and citizen of Antigua who entered the United States

as a lawful permanent resident on December 26, 1985. On June 8, 2009 he was

convicted in Florida state court of two charges: (1) possession of cannabis with

intent to sell or deliver in violation of Fla. Stat. § 893.13(1)(a)(2); and (2)

possession of drug paraphernalia in violation of Fla. Stat. § 893.147(1).

2

The Department of Homeland Security began removal proceedings against Mr. Donawa on November 2, 2011. The Department charged that Mr. Donawa was removable first because he had been convicted of an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), and second because he had been convicted of a crime relating to a controlled substance pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).

Mr. Donawa disputed both of these charges before the IJ, arguing that he was not subject to removal. Alternatively, and most important for this appeal, he argued that he was at the very least eligible for discretionary cancellation of removal under 8 U.S.C. § 1229b(a). The IJ rejected Mr. Donawa's arguments, finding him removable and also ineligible for cancellation of removal as a matter of law because Fla. Stat. § 893.13(1)(a)(2) is a drug trafficking crime, and so an aggravated felony. Mr. Donawa appealed the IJ's decision to the BIA, which affirmed the IJ's conclusion without adopting its reasoning. Mr. Donawa now appeals from the BIA's final order.

## II.

It is important first to clarify the issue now before us. Mr. Donawa concedes that he is removable. He asks us only to consider whether he is removable as an

3

aggravated felon, and therefore ineligible for discretionary relief.[1]  The basis of the

BIA's decision further limits the scope of our review because it rested entirely on

his cannabis conviction under Fla. Stat. § 893.13(1)(a)(2).  The BIA made no

ruling on what effect Mr. Donawa's conviction for possessing drug paraphernalia

has on his eligibility for cancellation of removal.  That issue is therefore not before

us on this appeal.  Rather, the question before us is simply this: whether Mr.

Donawa's conviction under Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat.

§ 893.101, is an aggravated felony as a matter of law.  Although we are mindful

that Congress has restricted appellate review of immigration proceedings, we retain

jurisdiction over questions of law such as this one, which we review de novo.[2]  See

8 U.S.C. § 1252(a)(2)(D); Tovar v. U.S. Attorney Gen., 646 F.3d 1300, 1303 (11th

Cir. 2011).

The INA provides various definitions for the term "aggravated felony," but

we are concerned with only one here.  For Mr. Donawa's appeal, the term

"aggravated felony" means "illicit trafficking in a controlled substance . . .

---

[1] We reject the government's argument that Mr. Donawa waived this issue.  Far from failing to address this dispositive legal question, Mr. Donawa focused almost exclusively on it.  The government's objection to the particular way in which Mr. Donawa framed his argument is of no moment.  Nor is this controversy rendered moot because Mr. Donawa concedes his removability. See Carachuri-Rosendo v. Holder, 560 U.S. 563, ___, 130 S. Ct. 2577, 2581 (2010) (considering the question of whether an alien was eligible for discretionary relief from removal even though he conceded removability).

[2] In keeping with the rule in this Circuit, the BIA's opinion in this case is not entitled to deference because it is neither precedential nor consistent with other decisions rendered by the BIA.  See Quinchia v. U.S. Attorney Gen., 552 F.3d 1255, 1258–59 (11th Cir. 2008).

including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Thus, the question before us can be broken down into two distinct issues: (1) whether a violation of Fla. Stat. § 893.13(1)(a)(2) constitutes a "drug trafficking crime"; and (2) if not, whether it falls into the broader category of "illicit trafficking in a controlled substance." In resolving each of these questions, courts apply a categorical or modified categorical approach, depending on the statutory scheme. See Descamps v. United States, ___ U.S. ___, ___, 133 S. Ct. 2276, 2281 (2013); Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1353–56 (11th Cir. 2005).[3]

Under the categorical approach, a court must confine its consideration only to the fact of conviction and the statutory definition of the offense. E.g., Ramos v. U.S. Attorney Gen., 709 F.3d 1066, 1069 (11th Cir. 2013). We do not consider the facts of the case, and instead ask only "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." Moncrieffe v. Holder, ___ U.S. ___, ___, 133 S. Ct. 1678, 1684 (2013) (quotation marks omitted). A state offense is an aggravated felony for INA purposes only if it necessarily involves facts equating

---

[3] Descamps addressed the modified categorical approach in the context of punishment under the Armed Career Criminal Act rather than, as is relevant here, the immigration context. The general analytical framework and principles, however, are analogous, and so this Court has routinely imported holdings from one context to the other. See, e.g., Jaggernauth, 432 F.3d at 1354–55 (applying the analytical approach established in Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990), an Armed Career Criminal Act case, in the immigration context).

the generic federal offense.  Id.  "Whether the noncitizen's actual conduct involved such facts is quite irrelevant."  Id. (quotation marks omitted).  "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense."  Id. (quotations marks and alterations omitted).

This general approach is not without exception.  The modified categorical approach applies when the state statute is "divisible"—that is, when it punishes some conduct that would satisfy the elements of a federal felony and some conduct that would not.  See Ramos, 709 F.3d at 1069; Jaggernauth, 432 F.3d at 1354–56.  When the state statute under examination is divisible, we expand our inquiry beyond the fact of conviction and also "look to the record of conviction—including documents involving the charge, plea agreement, or sentence."  Ramos, 709 F.3d at 1069; see also Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005) (limiting the scope of judicial records that can be relied upon by courts applying the modified categorical approach).

However, any idea that this Court inevitably applies the more searching modified categorical approach when a state crime does not qualify as an aggravated felony under the pure categorical approach is misguided.  Rather, the

6

modified categorical approach is applied only when a single statute lists a number of alternative elements that effectively create several different crimes, some of which are aggravated felonies and some of which are not. Descamps, 133 S. Ct. at 2285. As the Supreme Court recently reminded us, the modified categorical approach is intended as a "tool used in a narrow range of cases to identify the relevant element from a statute with multiple alternatives." Id. at 2287 (quotation marks omitted). It is not intended to be "a device employed in every case to evaluate the facts that the judge or jury found." Id. When the crime for which a defendant is convicted does not "require the factfinder" to make a determination of an element in at least some cases, courts analyzing whether a conviction qualifies as an aggravated felony cannot invoke the modified categorical approach to look beyond the fact of conviction. Id. at 2293.

## A.

This is not the first time we have been called upon to consider whether Fla. Stat. § 893.13(1)(a)(2) qualifies as an aggravated felony. See Fequiere v. Ashcroft, 279 F.3d 1325, 1326 n.3 (11th Cir. 2002) (noting that the then-effective version of the statute qualified as a drug trafficking aggravated felony). After our decision in Fequiere, however, Florida passed Fla. Stat. § 893.101, significantly changing the nature of the offense:

> (1) The Legislature finds that the [Florida Supreme Court] cases . . . holding that the state must prove that the defendant knew of the illicit

7

nature of a controlled substance found in his or her actual or constructive possession[] were contrary to legislative intent.

(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.

(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance.

This amendment thus eliminated from the Florida statutory scheme what had been, at the time of our Fequiere decision, a required element with the burden of proof resting on the government: mens rea with respect to the illicit nature of the substance. The federal analogue to this offense is 21 U.S.C. § 841(a)(1), which is among the drug trafficking offenses listed under 18 U.S.C. § 924(c)(2). The federal statute, in contrast to Florida's current law, requires the government to establish, beyond a reasonable doubt and without exception, that the defendant had knowledge of the nature of the substance in his possession. See United States v. Sanders, 668 F.3d 1298, 1309 (11th Cir. 2012).

B.

The first—and, given the posture of this case, only—question we consider is whether Fla. Stat. § 893.13(1)(a)(2) is, as a matter of law, a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2). The answer is that it is not.

8

Under the categorical approach, it is clear that the "least of the acts criminalized" by Fla. Stat. § 893.13(1)(a)(2) does not necessarily violate 21 U.S.C. § 841(a)(1).  A person could be convicted under the Florida statute without any knowledge of the nature of the substance in his possession.  That same person could not be convicted of the federal crime.  There can be no argument, therefore, that Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, categorically qualifies as an aggravated felony.

The government urges us to treat the statute as divisible and apply the modified categorical approach.  The government argues that, while the basic offense does not include a mens rea element with respect to the nature of the substance, the affirmative defense defined by Fla. Stat. § 893.101 effectively creates a separate offense under Fla. Stat. § 893.13(1)(a)(2) that does include that mens rea element.  Thus, they say the modified categorical approach should be applied to this statutory scheme even after the Supreme Court expressly limited its applicability in Descamps.

We cannot acquiesce in the government's approach.  An affirmative defense generally does not create a separate element of the offense that the government is required to prove in order to obtain a conviction.  Rather, "[t]he defendant bears the burden of proving an affirmative defense."  Black's Law Dictionary 482 (9th ed. 2009) (defining affirmative defense).  In stark contrast, the elements of a crime

9

are the "constituent parts of a crime . . . that the prosecution must prove to sustain a conviction." Id. at 597 (defining elements of crime). We cannot ignore this distinction in the allocation of the burden of proof in deciding whether to apply the modified categorical approach. Descamps tells us loud and clear that a court may only turn to the modified categorical approach if the State must prove every element of a federal offense in order to obtain a conviction in at least some cases. See Descamps, 133 S. Ct. at 2286, 2293 (holding that a conviction under a California statute could not serve as an Armed Career Criminal Act predicate "because California, to get a conviction need not prove" an essential element of the generic federal offense).

If Florida's statutory scheme did in fact place the burden of proof on the prosecution, the government might be right that the statute is divisible and subject to the modified categorical analysis. But it simply does not. Although the government represented to this Court that the Florida Supreme Court has held that the prosecution bears the burden to prove knowledge of the illicit nature of a substance beyond a reasonable doubt whenever a defendant raises the affirmative defense, it has done no such thing.[4] The case cited by the government in support of its argument, State v. Adkins, 96 So. 3d 412 (Fla. 2012), holds only that placing

---

[4] Because we are "bound by the Florida Supreme Court's interpretation of state law," we defer to its interpretation of the allocation of the burden under the statutory scheme. Johnson v. United States, 559 U.S. 133, 138, 130 S. Ct. 1265, 1269 (2010).

10

the burden of the affirmative defense on the defendant is not an unconstitutional shift in the burden of proof.  Id. at 423.  It does not follow from the Florida Supreme Court's holding in Adkins that a defendant revives an element of a criminal statute that has been expressly removed by the Florida legislature merely by asserting an affirmative defense.  Indeed, the Adkins court stated without qualification, "the State is not required to prove that the defendant had knowledge of the illicit nature of the controlled substance in order to convict the defendant." Id.; see also In re Standard Jury Instructions in Criminal Cases—Instructions 25.9– 25.3, 112 So. 3d 1211, 1211 (Fla. 2013) (per curiam) ("Consistent with the Court's decision in State v. Adkins, instructions 25.9–25.13 are amended to remove element 4, the requirement that the defendant have knowledge of the illicit nature of the substance, and to add language that lack of knowledge of the illicit nature of the substance is an affirmative defense." (citation omitted)).  With no such burden placed on the government, we cannot say that the statute creates separate crimes defined by distinct elements so as to permit application of the modified categorical approach.

We can't help but note that, even if we accepted the government's argument that we should treat affirmative defenses as separate elements of an offense, Mr. Donawa's conviction would still not be an aggravated felony as a matter of law.  If resort to the modified categorical approach were appropriate, we could only find

11

that Mr. Donawa's conviction categorically qualified as an aggravated felony if the record of conviction established that he raised and lost the affirmative defense. Only under those circumstances could it possibly be said that Mr. Donawa was convicted under the "subset" of the statute that requires proof of knowledge of the illicit nature of the substance, at least as represented by the government. But as the government conceded in its brief, "[t]here is no record evidence that Donawa raised any affirmative defense during his criminal trial." The analytical approach the government asks us to apply is therefore not only contrary to Supreme Court precedent, but also unavailing.

We therefore conclude that Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, does not qualify as a drug trafficking aggravated felony under the categorical approach. We conclude as well that it would be improper to engage the modified categorical approach for this statute because it is not divisible within the meaning of Descamps.

## C.

But Mr. Donawa's case requires still further consideration. Even if an offense does not qualify as a drug trafficking aggravated felony, it may still render a person ineligible for cancellation of removal if it qualifies as an illicit trafficking aggravated felony. The government urges us to affirm the result reached by the BIA on this alternative ground.

12

For us to do so on this record would be unwise.  The BIA never considered whether Mr. Donawa's cannabis conviction constituted an illicit trafficking aggravated felony.[5]  Rather, it based its decision entirely on what we now know is the erroneous conclusion that Fla. Stat. § 893.13(1)(a)(2) is a drug trafficking aggravated felony.  Although it is certainly within our discretion to reach this legal question even though the BIA did not, see Calle v. U.S. Attorney Gen., 504 F.3d 1324, 1330 (11th Cir. 2007), we believe our consideration would benefit significantly from a reasoned decision on the issue below.  We therefore decline to reach it.

If the BIA considers on remand whether Mr. Donawa's convictions constitute illicit trafficking offenses as a matter of law, it should apply the categorical approach described above, assuming the least culpable conduct under the statute and asking whether it would necessarily be considered an illicit trafficking offense punishable as a felony under federal law.  See Moncrieffe, 133 S. Ct. at 1685.

## III.

The BIA erred in finding that, as a matter of law, a violation of Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, qualifies as a drug

---

[5] The fact that the IJ considered this question, finding in Mr. Donawa's favor, is irrelevant.  Our review is limited to the BIA's decision because it did not "expressly adopt[]" the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).

13

trafficking aggravated felony.  Mr. Donawa and others convicted under this statute may still be able to meet their burden to demonstrate eligibility for cancellation of removal, and should be given a chance to shoulder that burden.  See 8 U.S.C. § 1229a(c)(4)(A) (placing the burden to establish eligibility for relief from removal on the deportable alien).

Mr. Donawa's Petition is **GRANTED**, and we **VACATE AND REMAND** for further proceedings consistent with this opinion.