[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15683
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20383-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY SMITH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 5, 2015)

Before WILLIAM PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Smith appeals his sentence of 180 months of imprisonment following his plea of guilty to being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). Smith challenges the enhancement of his sentence under the Armed Career Criminal Act. *See id.* § 924(e)(1). We affirm.

Smith argues that his prior conviction in a Florida court for possessing with intent to deliver cocaine does not qualify as a "serious drug offense" under the Act, but we disagree. The Act defines a "serious drug offense" broadly as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii); *see United States v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005). Smith's prior conviction falls squarely within that definition. Smith violated a Florida law that makes it unlawful "to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance," Fla. Stat. §§ 893.13(1)(a)1., 893.03(2)(a)4., and for which he faced a maximum sentence of 15 years of imprisonment, *id.* § 775.082(3)(d). Smith contends that his prior conviction does not qualify as a predicate offense because it does not require proof that an offender know of the illicit nature of the substance in his possession, but proof of that

knowledge is not required for a drug offense under state law to qualify as a "serious drug offense."

Smith argues that the district court was required to compare his state offense to a generic offense under the categorical approach that we applied in *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013), but we disagree. In *Donawa*, we held that an alien's conviction for possessing with intent to deliver marijuana, *see* Fla. Stat. § 893.13(1)(a)2., failed to qualify as an "aggravated felony" under the Immigration and Nationality Act – that is, the state offense did not fit the definition of a "drug trafficking crime," *see* 18 U.S.C. § 924(c)(2). *Donawa*, 735 F.3d at 1280–81. We concluded that the Florida statute did not "categorically fit[] within the generic federal definition of a corresponding aggravated felony" because the federal analogue to the Florida statute, 21 U.S.C. § 841(a)(1), required proof that the defendant had knowledge of the nature of the substance in his possession, but the Florida statute did not. *Id.* Unlike the defendant in *Donawa*, Smith was sentenced under the Armed Career Act, which includes as a "serious drug offense" a prior state conviction for possessing with intent to distribute a controlled drug. *See* 18 U.S.C. § 924(e)(2)(A)(ii). The Armed Career Act does not require the district court to compare an offense under state law to a generic offense.

Smith, for the first time on appeal, argues that *Staples v. United States*, 511 U.S. 600, 114 S. Ct. 1793 (1994), required the district court to presume that his drug offense required proof that he knew of the illicit nature of the substance in his possession, but the district court did not plainly err. In *Staples*, the Supreme Court held that there is a scienter requirement implicit in the offense of possessing an unregistered automatic firearm, *see* 18 U.S.C. § 5861(d). *Staples*, 511 U.S. at 618–19, 114 S. Ct. at 1803–04. "An error is 'plain' [only] if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *United States v. Ramirez–Flores*, 743 F.3d 816, 822 (11th Cir. 2014). The district court did not plainly err in failing to apply *Staples*, which did not address the Armed Career Act. In *Staples*, the Supreme Court also "emphasize[d] that [its] holding [was] a narrow one." 511 U.S. at 619, 114 S. Ct. at 1804. *Staples* does not establish that an error occurred in sentencing Smith.

Smith also argues that the recent decision of the Supreme Court in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151(2013), requires that the government prove his prior convictions to a jury beyond a reasonable doubt, but we disagree. The Supreme Court in *Alleyne* refused to revisit its holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), that the fact of a prior conviction is not an element of an offense that needs to be proven beyond a

4

reasonable doubt, *id.* at 239–47, 118 S. Ct. at 1228–32. *Alleyne*, 133 S. Ct. at 2160 n.1.

We **AFFIRM** Smith's sentence.