[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11721
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cr-00210-ACC-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS LEE DALLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 9, 2015)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Curtis Dallas appeals his convictions and total 240-month sentence, imposed after a jury returned a guilty verdict on Count One for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1) , and

on Count Two for possessing a firearm in furtherance of drug trafficking, a violation of 18 U.S.C. § 924(c). On appeal, Dallas argues that: (1) the evidence was insufficient to support a conviction on Count Two because the government failed to establish that he possessed a weapon in furtherance of drug trafficking activity; and (2) three of his prior convictions could not be counted as predicate offenses to enhance a sentence under the Armed Career Criminal Act ("ACCA"), either because the pleas entered in those cases were effectively invalid due to his brain injury, or because the statute of conviction was not a sufficient ACCA predicate. After thorough review, we affirm.

We review a challenge to the sufficiency of the evidence de novo. United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011). We review properly preserved sentence calculation issues under a two-prong standard: We review factual findings for clear error, and the application of the law to the facts de novo. United States v. Williams, 527 F.3d 1235, 1247-48. We review a preserved challenge to the eligibility of a prior conviction for the ACCA enhancement de novo. United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005).

First, we are unpersuaded by Dallas's sufficiency of the evidence claim. In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the government's favor. Gamory, 635 F.3d at 497. We will affirm the conviction if,

2

based on the evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id. It is not necessary that the evidence presented at trial excludes every reasonable hypothesis of innocence or is wholly inconsistent with every conclusion except that of a defendant's guilt. Id. We are "bound by the jury's credibility choices, and by its rejection of the inferences raised by the defendant." United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005).

To prove a violation of 18 U.S.C. § 924(c), the government must establish that a defendant "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime for which he could be prosecuted in a court of the United States." United States v. Williams, 731 F.3d 1222, 1232 (11th Cir. 2013). Factors pertinent to the "in furtherance" element include (1) the type of drug activity that is being conducted; (2) the accessibility of the firearm; (3) the type of weapon; (4) whether the weapon is stolen; (5) the status of the possession (legitimate or illegal); (6) whether the gun is loaded; (7) proximity to drugs or drug profits; and (8) the time and circumstances under which the gun is found. Id. (quotations omitted). In Williams, we held that evidence was sufficient to support a conviction under 18 U.S.C. § 924(c), where the defendant had a loaded gun in his waistband, near drugs and money consistent with dealing. Id. at 1232-33. We said that in light of the evidence, a jury could easily distinguish Williams' possession of a gun from that of

3

"innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." Id. at 1233 (quotation omitted).

Here, the government produced sufficient evidence at trial that Dallas possessed a gun in furtherance of drug trafficking. As the record reveals, witnesses testified that Dallas concealed the gun in his waistband, near drugs and money in his pockets. Witnesses also testified that the drugs and money were of a quantity and organization consistent with drug dealing. Moreover, officers found the gun at a time when Dallas did not necessarily expect to encounter police. Although the drug quantity discrepancies or the lack of evidence showing Dallas directly wielded the gun could support alternative scenarios, the government was not required to foreclose all possible scenarios of guilt; it only had to establish factors such as proximity of a gun to a quantity of drugs or other drug trafficking instrumentality. Thus, based on the evidence presented at trial, a reasonable jury could find that Dallas violated 18 U.S.C. § 924(c).

We also are unconvinced by Dallas's argument that his state convictions do not qualify as predicate offenses under the ACCA based on his claim that his mental condition at the time he entered into the three plea agreements effectively deprived him of assistance of counsel. Indeed, our case law and that of the Supreme Court is clear: An appellant may not challenge the integrity of a state court conviction for the ACCA enhancement purpose unless the conviction

4

resulted from uncounseled proceedings.  Custis v. United States, 511 U.S. 485, 496-97 (1994); United States v. Covington, 565 F.3d 1336, 1345 (11th Cir. 2009).

In this case, Dallas admitted that he had counsel when he pled guilty and received each of the three convictions he sought to challenge in the district court. On this record, the district court correctly determined that precedent precludes federal review of Dallas's state court convictions.  The district court therefore did not err in finding that the state court convictions could not be challenged as they related to the ACCA enhancement in Dallas's case.

Finally, we find no merit to his claim that the statute of conviction was not a sufficient ACCA predicate.  We analyze the statute of conviction for the prior offense under the categorical approach, looking to the statutory definition of the state offense in comparison to the federal counterpart.  James, 420 F.3d at 1154-55. Under the categorical approach, a conviction is an appropriate ACCA "serious drug offense" predicate if the statute of a predicate conviction has the same elements, or more narrow elements, than the federal equivalent.  See Descamps v. United States, 133 S.Ct. 2276, 2283-84 (2013); James, 430 F.3d at 1154-1155. We've said, however, that in order to be counted as a predicate "serious drug offense" the language of a Florida statute need not be identical to the ACCA's definition of a "serious drug offense."  James, 430 F.3d at 1155.

Dallas was convicted of violating Florida Statute § 893.13, which defines an offender as a person who "sell[s], manufacture[s], or deliver[s], or possess[es] with intent to sell, manufacture, or deliver" cocaine. FLA. STAT. § 893.13(1)(a)(1). Florida Statute § 893.101 clarifies § 893.13(1)(a)(1) by indicating that knowledge of the illicit nature of a substance is not an element of § 893.13. FLA. STAT. § 893.101. For purposes of the ACCA enhancement, a "serious drug offense" is defined in 18 U.S.C. § 924(e)(2)(A)(ii) as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance […], for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii).

The district court did not err in concluding that Dallas's prior convictions under Florida Statute § 893.13 qualified for the ACCA enhancement because both the Florida statute and the federal statute have the same elements. Dallas argues that Florida Statute § 893.13 lacks a mens rea requirement, unlike the definition of a serious drug offense in 18 U.S.C. § 924(e)(2)(A)(ii). He relies on Donawa v. United States Att'y Gen., 735 F.3d 1275 (11th Cir. 2013), but we disagree. For starters, Donawa dealt with § 924(c) of the ACCA; section 924(c) defines qualifying predicate offenses by external reference to 21 U.S.C. § 841(a)(1), which contains a mens rea element. Dallas's case, however, deals with § 924(e) of the ACCA, which defines a "serious drug offense" internally and does not include a

mens rea element.  Because of this critical distinction between § 924(c) and § 924(e)(2)(A)(ii), Florida Statute § 893.13 qualified for the ACCA enhancement.

**AFFIRMED**.