[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14469
Non-Argument Calendar
_____

Agency No. A042-497-459

JUSTE THEODAL CADET,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 13, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Juste Theodal Cadet, a native and citizen of Haiti, petitions *pro se* for review of a decision affirming an order to remove him from the United States. The Board of Immigration Appeals agreed with the findings of the immigration judge that Cadet was statutorily ineligible for asylum and withholding of removal. Cadet argues that the immigration judge violated his right to due process by denying his request for a hearing to determine whether his three drug convictions in a Florida court qualified as aggravated felonies under the Immigration and Nationality Act; that his convictions for possession of cocaine are not aggravated felonies that make him ineligible for asylum; and that his offenses are not "particularly serious crimes" that make him ineligible for withholding of removal. We deny in part and dismiss in part Cadet's petition.

The immigration judge did not violate Cadet's right to due process. To establish a violation of due process, an alien must prove that he was deprived of liberty without notice or an opportunity to respond and that he was substantially prejudiced by the alleged error. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1144 (11th Cir. 2010). Cadet was notified that he was being removed based on his three prior drug convictions, and during his master calendar hearing, Cadet argued that "none of the charges were aggravated felonies." Cadet asked for a hearing to determine the character of the offenses, but the immigration judge explained that a hearing was unnecessary because Cadet admitted to the facts in his records of

2

conviction, which established that his drug offenses were aggravated felonies. And Cadet was not prejudiced by the denial of a hearing because it would not have changed the outcome of his removal proceedings.

Cadet's drug offenses are aggravated felonies, which make him ineligible for asylum. An alien commits an aggravated felony if he engages in "illicit trafficking in a controlled substance" by committing "a drug trafficking crime" prohibited in section 924(c) of Title 18. 8 U.S.C. § 1101(a)(43)(B). A drug trafficking crime is defined broadly as "any felony punishable under the Controlled Substances Act," 18 U.S.C. § 924(c)(2), and includes the offense of "knowingly or intentionally . . . possess[ing] with intent to manufacture, distribute, or dispense, a controlled substance," 21 U.S.C. § 841(a). In 1998 and 2000, Cadet was convicted of the Florida analogue to section 841(a)(1). *See* Fla. Stat. § 893.13(1)(a) (amended 2002); *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1281 (11th Cir. 2013). Cadet argues that his offenses do not qualify as trafficking under Florida law because of the small quantities of cocaine that he possessed, but "an offense . . . counts . . . as 'illicit trafficking'" so long as it is a felony under the Act, *Lopez v. Gonzales*, 549 U.S. 47, 55, 127 S. Ct. 625, 630–31 (2006). And the Act punishes as a felony the offense of knowingly possessing an indeterminate amount of cocaine. *See* 21 U.S.C. §§ 802(44), 812(c), 841(a)(1), 841(b)(1)(C); *United States v. Sanders*, 668

3

F.3d 1298, 1309 (11th Cir. 2012). Because his convictions established that Cadet knowingly possessed a quantity of cocaine, his offenses are aggravated felonies.

We lack jurisdiction to review the denial of Cadet's petition for withholding of removal. An alien convicted of a "particularly serious crime" is statutorily ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). The Attorney General has discretion to determine whether an alien, like Cadet, who has been convicted of aggravated felonies and received a sentence of less than five years of imprisonment, has committed a "particularly serious crime." *Id.*; *Lapaix*, 605 F.3d at 1143. Cadet argues that his drug offenses were not "particularly serious," but that discretionary determination is shielded from judicial review. 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(C). We dismiss this part of Cadet's petition.

**PETITION DENIED IN PART, DISMISSED IN PART.**