[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12690
Non-Argument Calendar

_____

Agency No. A202-143-834

AIDA MAGALI PEREZ-AGUSTIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 19, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Aida Perez-Agustin, proceeding pro se, seeks review of the Board of Immigration Appeals's (BIA) final order affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).  She claims that the IJ's finding that her testimony was not credible was erroneous.  She also asserts that the BIA erred in concluding that she failed to establish her eligibility for asylum and withholding of removal, as her proposed particular social group—"indigenous women from Guatemala, who are native Mam speakers, who are victims of sexual violence"—is legally cognizable under the Immigration and Nationality Act (INA).  For the following reasons, we affirm the BIA's decision and deny Perez-Agustin's petition.

I.

We review only the decision of the BIA, except to the extent that it adopts the IJ's decision expressly or agrees with its reasoning.  *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (per curiam).  If the BIA made no ruling on an issue, "[t]hat issue is therefore not before us on this appeal."  *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279 (11th Cir. 2013).

Here, the BIA did not rule on the IJ's credibility finding.  In fact, for purposes of its analysis, it assumed that Perez-Agustin was credible.  Therefore, we

do not review Perez-Agustin's challenge to the IJ's credibility finding; it is not properly before us on appeal.

## II.

When a petitioner fails to raise an issue on appeal, that issue is deemed abandoned, and its merits will not be addressed. *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013). The petitioner must raise an issue "plainly and prominently," such as by discussing it in a discrete section of her argument. *Id.* However, a pro se petitioner's brief is liberally construed. *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

Underlying both asylum and withholding of removal claims is a nexus requirement. *See* INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i) (conditioning a grant of asylum on an applicant's showing that a statutorily protected ground "was or will be at least one central reason for persecuting the applicant"); INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A) (requiring withholding of removal if an applicant shows that her "life or freedom would be threatened . . . because of" a statutorily protected ground). For CAT relief, the applicant bears the burden to prove "that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004); 8 C.F.R. § 208.16(c)(2).

Here, we conclude that Perez-Agustin failed to plainly and prominently raise, and therefore abandoned, any argument that she is entitled to relief under CAT or that the BIA erred in concluding that she did not establish a nexus between her alleged persecution or threat thereof and membership in a particular social group. Together, these failures to raise issues are dispositive of all three of her claims.

Even if we concluded that Perez-Agustin raised these issues, under the most liberal construction of her brief, her claims still fail. In examining the BIA's decision, we review factual determinations under the substantial evidence test and conclusions of law de novo. *Gonzalez*, 820 F.3d at 403.

Starting with the CAT claim, we simply cannot say that the BIA erred in concluding that Perez-Agustin did not present evidence that she would be tortured upon returning to Guatemala, whether by the government or with its acquiescence. As for nexus, at best, Perez-Agustin argues that she offered evidence that her rapist covered her mouth during the rape, and that the fact shows that she was raped because of her status as a native Mam speaker. Again, we see no error in the BIA's conclusion that she failed to show nexus. In the end, however we get there, Perez-Agustin's claims fail on these bases.

One last note. We need not address Perez-Agustin's argument that she is a member of a particular social group: "indigenous women from Guatemala, who are

4

native Mam speakers, who are victim[s] of sexual violence." But, in any event, the BIA correctly concluded that Perez-Agustin's proposed social group was not cognizable because it is impermissibly defined in part by the alleged persecution. *See Amezcua-Preciado v. U.S. Att'y Gen.*, 943 F.3d 1337, 1342 (11th Cir. 2019) (per curiam) ("[T]he risk of persecution alone does not create a particular social group within the meaning of the INA." (internal quotation mark omitted)). This is yet another reason why both Perez-Agustin's asylum and withholding of removal claims fail.

Accordingly, we deny Perez-Agustin's petition.

**PETITION DENIED.**