[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12116
Non-Argument Calendar

_____

Agency No. A208-696-241

PERDRO RAMON ZAPATA-RIVERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 1, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Perdro Zapata-Rivero petitions for review of the Board of Immigration Appeals' ("BIA") order, affirming the Immigration Judge's denial of asylum pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c). First, Zapata-Rivero argues that the Immigration Judge's adverse credibility finding, in denying him asylum and withholding of removal, was not supported by substantial evidence. Second, he argues that the BIA did not fully consider his claim that the Immigration Judge's adverse credibility finding should not have automatically foreclosed CAT relief.

In petitions for review of BIA decisions, we review factual determinations under the substantial evidence test and conclusions of law *de novo*. *Gonzalez v. U.S. Att'y Gen.,* 820 F.3d 399, 403 (11th Cir. 2016). When the BIA agrees with the reasoning of the Immigration Judge, we review both decisions. *Id.* The substantial evidence test is "highly deferential," and we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009) (quotation marks omitted). We will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record

2

considered as a whole." *Id.* (quotation marks omitted). To reverse, the record must compel a contrary conclusion, and the mere fact that the record may support a different conclusion is not sufficient. *Id.*

An alien has the burden to prove that he is eligible for asylum and for withholding of removal. 8 C.F.R. §§ 1208.13(a), 1208.16(b). For asylum, an alien must establish (1) past persecution on account of a statutorily listed protected ground, or (2) a well-founded fear that the statutorily protected ground will cause future persecution. *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010). Protected grounds include "race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B).

For withholding of removal, an alien must show "that [his] life or freedom would be threatened . . . because of" a statutorily protected ground, and it is more likely than not that he would be persecuted. *Imelda v. U.S. Att'y Gen.*, 611 F.3d 724, 728 (11th Cir. 2010) (quotation marks omitted). Because the standard for withholding of removal is more stringent than the standard for asylum, an alien who unsuccessfully applies for asylum cannot obtain withholding of removal. *Id.*; *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

To establish his eligibility for relief, an alien must offer "credible, direct, and specific evidence in the record." *Forgue*, 401 F.3d at 1287 (quotation marks omitted). The IJ determines whether an alien is credible. INA § 208(b)(1)(B)(iii),

3

8 U.S.C. § 1158(b)(1)(B)(iii); INA § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C). In doing so, it must consider the "totality of the circumstances," which includes the alien's demeanor, inconsistencies between his testimony and prior statements, and inconsistencies between his testimony and other evidence in the record. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).

An Immigration Judge may make an adverse credibility finding even if the inconsistencies do not go to the heart of the claim. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006). An "extremely detailed adverse credibility determination alone may be sufficient to support the IJ's denial of" relief. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004). When making an adverse credibility determination, the Immigration Judge must offer "specific, cogent reasons," and must consider any additional evidence introduced. *Forgue*, 401 F.3d at 1287. To be considered an adverse-credibility determination, the Immigration Judge or BIA must state explicitly that the applicant's testimony was not credible. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

An alien who fails to argue an issue in his initial brief to us abandons it, and we will not review the claim. *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Similarly, we lack jurisdiction to hear claims that were not raised and exhausted before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-50 (11th Cir. 2006); INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We may

4

deny a petition based on an Immigration Judge's alternative holding if (1) the BIA expressly addressed that holding, and (2) the government asked us to rely on it. *See cf. Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 n.3 (11th Cir. 2009) (explaining that we usually may affirm on any grounds supported by the record, but declining to do so when the government did not argue in support of the alternative findings in its brief, and the BIA did not adopt the Immigration Judge's opinion); *see also cf. Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1283 (11th Cir. 2013) (declining to rely on an alternative holding when the BIA did not consider the issue).

As an initial matter, Zapata-Rivero has only petitioned for review of the Immigration Judge's adverse credibility determination. Thus, he has abandoned any challenge to the Immigration Judge's and BIA's alternative findings that his evidence, even if credible, was weak and uncorroborated, and therefore, he did not meet his burden for withholding for removal or asylum. In any event, his claim fails because substantial evidence supports the Immigration Judge's adverse credibility finding, as the Immigration Judge explicitly stated that it had considered the totality of Zapata-Rivero's circumstances, and it specifically noted five inconsistencies between Zapata-Rivero's testimony and the other evidence in the record.[1]

---

[1] To the extent that Rivero has argued that both the Immigration Judge and BIA erred in relying upon statements that he made during an interview at the Miami airport, he failed to exhaust that claim before the BIA, so we lack jurisdiction to review it.

5

An alien seeking protection under CAT must establish that it is more likely than not that he would be tortured if removed to the proposed country of removal. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). Additionally, he must show that the torture would be by or with the acquiescence of the government. *Id.* The regulation establishing the burden of proof states that "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2). That language is identical in the regulations establishing the burden for asylum and withholding of removal claims. *Compare* 8 C.F.R. § 208.13(a) (asylum claims) *and* § 208.16(b) (withholding of removal claims) *with* § 208.16(c)(2).

We have not explicitly stated that an adverse credibility determination bars CAT relief. However, in *Lyashchynska v. U.S. Attorney General*, we upheld the denial of asylum, withholding of removal, and CAT relief based on an Immigration Judge's adverse credibility determination. 676 F.3d 962, 964, 967-69 (11th Cir. 2012). In directly addressing this issue, the Ninth Circuit has explained that, "when a petitioner's claims under the CAT are based on the same statements that the BIA determined to be not credible in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (persuasive) (quotation marks and alterations omitted); *but see Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir. 2006)

6

(persuasive) ("[A]n adverse credibility determination made in the asylum context should not necessarily affect the BIA's consideration of the alien's CAT claim.").

In reviewing an alien's appeal, the BIA must give reasoned consideration to the arguments and evidence. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013). When reviewing for reasoned consideration, we "inquire only whether the [BIA] considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quotation marks and alterations omitted).

As an initial matter, Zapata-Rivero has not petitioned for review of the Immigration Judge and BIA's alternative findings that he provided weak evidence and failed to prove his eligibility for CAT relief. Thus, he has abandoned any challenge to this finding. Regardless of his abandonment, his claim fails, as the BIA explicitly addressed his claim and cited authority in rejecting it. Thus, the BIA gave reasoned consideration to Zapata-Rivero's argument.

**PETITION DENIED.**