**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12815
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAY HASS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20044-FAM-1

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Jay Hass appeals his sentence of 240 months' imprisonment for knowing attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in

sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b), which was imposed pursuant to an enhanced offense level and criminal history category under U.S.S.G. § 4B1.5(a).  Hass argues his 1987 New Jersey conviction for second-degree sexual assault in violation of N.J. Stat. Ann. § 2C:14-2c is not a predicate "sex offense conviction" for an enhancement under U.S.S.G. § 4B1.5(a).  After thorough review, we affirm.

We review both the interpretation and application of the Sentencing Guidelines and questions of statutory interpretation *de novo*.  *United States v. Lusk*, 119 F.4th 815, 825 (11th Cir. 2024).

"To determine whether a defendant's prior conviction qualifies as a predicate offense for a sentencing enhancement, federal courts generally apply the 'categorical approach.'"  *United States v. Kushmaul*, 984 F.3d 1359, 1364 (11th Cir. 2021); *Lusk*, 119 F.4th at 828–29 (applying the categorical approach to a Chapter 4 enhancement).  Under this approach, a court compares the elements of the state conviction with the generic offenses mentioned in the sentence enhancing statute.  *Kushmaul*, 984 F.3d at 1364.  If the "least culpable conduct" that could result in a conviction under the state law meets the enhancement requirements, then the enhanced sentence is imposed.  *Id.*

If, however, the elements of the state offense are broader than those of the generic offense, courts then determine the statute's divisibility.  *Mathis v. United States*, 579 U.S. 500, 505 (2016).  A divisible statute is one that "sets out one or more

elements of the offense in the alternative" so that conviction under one of the alternatives matches the elements in the generic offense but conviction under another does not. *Descamps v. United States*, 570 U.S. 254, 257 (2013).

When applying the "modified categorical approach" for divisible statutes, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 579 U.S. at 505–06. After deciding which elements of the offense formed the basis of a defendant's prior conviction, "[t]he court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Descamps*, 570 U.S. at 257. An affirmative defense is generally not an element of an offense because "'[t]he defendant bears the burden of proving an affirmative defense.'" *Donawa v. U.S. Atty. Gen.*, 735 F.3d 1275, 1282 (11th Cir. 2013).

Under the "Repeat and Dangerous Sex Offender Against Minors" guideline, a defendant is subject to an enhanced offense level and criminal history category "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, §4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." U.S.S.G. § 4B1.5(a). A "sex offense conviction" is defined in the commentary as an offense listed in 18

4                    Opinion of the Court                    24-12815

U.S.C. § 2426(b)(1)(A) or (B) that is perpetrated against a minor. *Id.* § 4B1.5, cmt. (n.3).[1]  Section 2426 defines a sex offense conviction as either: (1) a violation of certain federal statutes found in, *inter alia*, chapter 109A of Title 18 of the United States Code; or (2) a state conviction "consisting of conduct that would have been an offense" under those federal statutes if committed in a federal jurisdiction. 18 U.S.C. § 2426(b)(1)(A)–(B).  Section 2243(a) -- which the parties agree lays out the federal crime most like the crime at issue -- is found in chapter 109A and criminalizes "engag[ing] in a sexual act" with a 12- to 16-year-old who is at least 4 years younger than the defendant.  *Id.* § 2243(a).  In turn, "sexual act" includes genital contact, penetration, and intentional touching of a minor. *Id.* § 2246(2).  It is an affirmative defense if the defendant reasonably believed the other person was 16 or older.  *Id.* § 2243(d).

At the time of Hass's 1987 conviction, New Jersey's sexual assault statute provided:

> An actor is guilty of sexual assault if he commits an act of sexual penetration with another person under any one of the following circumstances:

---

[1] In *United States v. Dupree*, we held that "'if uncertainty does not exist'" in a Sentencing Guideline, courts "may not defer" to the commentary to that guideline.  57 F.4th 1269, 1275 (11th Cir. 2023).  However, we've relied on commentary where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [the guideline's] text."  *United States v. Jews*, 74 F.4th 1325, 1327 n.2, 1328 (11th Cir. 2023).  Here, neither party contests the commentary's validity.

24-12815                Opinion of the Court                    5

(1) The actor uses physical force or coercion, but the victim does not sustain severe personal injury;

(2) The victim is one whom the actor knew or should have known was physically helpless, mentally defective or mentally incapacitated;

(3) The victim is on probation or parole, or is detained in a hospital, prison or other institution and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status;

(4) The victim is at least 16 but less than 18 years old and the actor is a member of the victim's household with supervisory or disciplinary power over the victim;

(5) The victim is at least 13 but less than 16 years old and the actor is at least four years older than the victim.

Sexual assault is a crime of the second degree.

N.J. Stat. Ann. § 2C:14-2c (1987).

In *Grijalva Martinez v. Att'y Gen.*, the Third Circuit examined a modern version of § 2C:14-2c that adds a teacher/pupil relationship as an item in the list of sexual assault but is otherwise substantially similar to the 1987 version. 978 F.3d 860 (3d Cir. 2020); *compare* N.J. Stat. Ann. § 2C:14-2c (2020), *with* N.J. Stat. Ann. § 2C:14-2c (1987). The Third Circuit found that the modern § 2C:14-2c was

divisible because "each subsection require[d] proof of a fact not required by another subsection." *Grijalva*, 978 F.3d at 867. The Third Circuit further found that New Jersey's model jury instructions supported its interpretation because the subsections are listed as alternatives. *Id.* at 867–68.

Here, the district court did not err in finding that Hass's 1987 New Jersey conviction under N.J. Stat. Ann. § 2C:14-2c is a "sex offense conviction" under U.S.S.G. § 4B1.5 for purposes of applying the enhanced offense level and criminal history category. First, a plain reading of the statute indicates it was divisible. The statute listed five elements in the alternative; each was set off by its own number and contained distinct conduct not tied to any element listed in any other section. *See* N.J. Stat. Ann. § 2C:14-2c(1)–(5) (1987); *Descamps*, 570 U.S. at 257; *Mathis*, 579 U.S. at 504. Subsection (1) defined a crime by coercion; subsection (2) focused on mental incapacity; subsection (3) defined a crime by an abuse of authority; subsection (4) focused on age and authority; and subsection (5) focused on a younger age range. N.J. Stat. Ann. § 2C:14-2c (1987). In so doing, the statute provided an exhaustive list of alternatives without any illustrative examples. *Mathis*, 579 U.S. at 504, 506, 518; *Howard*, 742 F.3d at 1348.

Moreover, before enumerating its five subsections, N.J. Stat. Ann. § 2C:14-2c instructed, "[a]n actor is guilty of sexual assault if he commits an act of sexual penetration *under any one of the following circumstances*." N.J. Stat. Ann. § 2C:14-2c (1987) (emphasis added). The use of the phrase "under any one" shows that the list provided

in N.J. Stat. Ann. § 2C:14-2c was exhaustive, not illustrative. There was no modifier, for example "including" or "such as," to preface the overall list or within any of the subsections to indicate any part of that statute was illustrative or non-exhaustive. Instead, the statute instructed that the elements of "any one" of the subsections must be met. Thus, even though the statute did not use "or," each subsection clearly described different conduct, indicating it listed different crimes. *See* N.J. Stat. Ann. § 2C:14-2c (1987); *Descamps*, 570 U.S. at 257; *Mathis*, 579 U.S. at 504.

It's also instructive that the Third Circuit has found the modern statute -- which shares the same structure and similar text as the 1987 version -- is divisible because each subsection requires proof of a fact not required by another subsection, signifying that each listed item is a separate element. *Grijalva*, 978 F.3d at 867. The Third Circuit confirmed its interpretation using New Jersey's model jury instructions, which list the statutory subsections in the alternative. *Id*. at 867–68.[2]

---

[2] As for Hass's reference to *State v. Cole*, in which the New Jersey Supreme Court considered whether merger applied to a different subsection of § 2C:14-2 and found that the items listed there were "enhancement features," it is inapposite. 576 A.2d 864, 869–70 (N.J. 1990); *see* N.J. Stat. Ann. § 2C:14-2a (listing circumstances that raise sexual assault to aggravated sexual assault). Not only did *Cole* interpret a different provision, it considered the aggravated sexual assault statute in the context of merger, not divisibility, and the two doctrines analyze statutes in different ways for different purposes. In *Cole*, the court held that certain crimes (like kidnapping or robbery) listed in the aggravated sexual assault statute did not merge with the crime of sexual assault during the commission of a robbery, kidnapping or aggravated assault because "the

8                    Opinion of the Court                    24-12815

Thus, because the New Jersey statute is divisible, the modified categorical approach applies to it, so we must first look to documents, such as the indictment and plea colloquy, to determine what Hass was convicted of in 1987. *Mathis*, 579 U.S at 505–06. The complaint cites to § 2C:14-2c(5), and the indictment charges Hass with "sexual penetration . . . when [the victim] was at least 13 but less than 16 years old and Jay Hass was at least four years older than [the victim]." Based on these documents, Hass was convicted of sexual penetration of a minor between 13 and 16 years old when he was at least four years older than the minor under § 2C:14-2c(5) (1987).

Next, we must apply the categorical approach to § 2C:14-2c(5) (1987) to determine whether the least culpable conduct for that offense is the same as, or narrower than, the generic federal offense. *Descamps*, 570 U.S. at 257; *Kushmaul*, 984 F.3d at 1364. The

---

Legislature, in creating distinct offenses, intended to protect separate interests, by imposing separate and distinct punishment for separate and distinct offenses." *Id*. In other words, the merger doctrine focuses on the interests and punishments of different charged offenses to ensure that a person isn't unfairly punished twice for essentially the same conduct or interest.

Divisibility, by contrast, is used to determine whether a prior conviction qualifies as a certain kind of offense for purposes of enhancing a sentence, and asks whether a single statute lists "elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 579 U.S. at 504–05. When a single statute defines multiple crimes, the court looks to the record to determine which crime the defendant committed. *Id*. at 505–06. Divisibility focuses on how the statute is structured and whether it sets forth a single crime with different ways to commit it, or a list of different crimes bundled together.

federal analog is broader than § 2C:14-2c(5) (1987) because it merely requires contact, not penetration, and it covers victims of the same age plus slightly younger. 18 U.S.C. §§ 2243(a), 2246(2). Thus, the least culpable conduct for Hass's offense of conviction meets the federal offense provided in U.S.S.G. § 4B1.5(a), so it is a "sex offense conviction" for purposes of the enhancement. *Kushmaul*, 984 F.3d at 1364; U.S.S.G. § 4B1.5(a); U.S.S.G. § 4B1.5, cmt. (n.3); 18 U.S.C. §§ 2243(a), 2246(2). While Hass claims that the federal law is narrower than the state statute because the federal law has an affirmative defense, the affirmative defense it is not a relevant element of the crime that the prosecution must prove for purposes of the categorical approach. 18 U.S.C. § 2243(d); *Oliver*, 962 F.3d at 1317; *Donawa*, 735 F.3d at 1282.

Accordingly, because the state statute of Hass's prior conviction qualified as a predicate "sex offense conviction," the district court did not err in applying the § 4B1.5(a) repeat and dangerous sex offender enhancement to Hass's offense level and criminal history category.

**AFFIRMED.**