[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11840
Non-Argument Calendar
_____

Agency No. A205-358-855

LEONARDO ESPARZA-DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 2, 2015)

Before MARTIN, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Leonardo Esparza-Diaz petitions this court to review the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal, 8 U.S.C. § 1229b(B).   For the reasons that follow, we deny the petition in part and dismiss it in part.

I.

Esparza-Diaz entered the United States without being admitted or paroled in 1989.[1]   He eventually moved to Florida, where he was employed, paid taxes, got married, and had children.   His parents came to the United States as lawful permanent residents in 2011.

In 2012, the Department of Homeland Security issued Esparza-Diaz a Notice to Appear, charging him as removable due to his illegal entry under 8 U.S.C. § 1182(a)(6)(A)(i).   At his hearing before an IJ, Esparza-Diaz conceded his removability and applied for cancellation of removal.[2]   The government opposed relief from removal on the ground that Esparza-Diaz was not eligible for cancellation because he had been convicted of a disqualifying offense, specifically, a firearm offense.

The evidence of Esparza-Diaz's conviction included documents from the Indian River County Sheriff's Office indicating that Esparza-Diaz had been

---

[1]   Esparza-Diaz's application for cancellation of removal indicates that he entered in 1989, but a handwritten note on the Notice to Appear states that he entered in 1999.  Because the conviction about which Esparza-Diaz argues occurred in 1995, we assume the 1989 date is correct.
[2]    Esparza-Diaz also applied for withholding of removal and relief from removal under the Convention Against Torture, but this application is not before us and we do not discuss it further.

2

arrested in 1995 for carrying a concealed weapon and selling or giving alcohol to a minor. The case was later transferred to the County Court of Indian River under a "felony reduction," and Esparza-Diaz was convicted of open carrying of a firearm.

The IJ concluded that Esparza-Diaz was ineligible for cancellation of removal based on this conviction. The IJ then addressed Esparza-Diaz's counsel:

IJ:         You agree with that?
Counsel:    I . . . .
IJ:         The — for the legal position on, on, on the charge?
            And then is we pretermit, does he still want to
            continue with his withholding?
Counsel:    He doesn't have relief, it's just for withholding.
. . .
Counsel:    We'll take an order.

Based on this exchange, the IJ concluded that Esparza-Diaz conceded he was ineligible for relief, and the IJ ordered his removal.

Esparza-Diaz appealed to the BIA. In his Notice of Appeal, he wrote

It is Respondent's position that the IJ erred as a matter of law in concluding that Respondent's conviction for the offense of Possession of a Firearm made the respondent ineligible for the relief sought. A reading of the Statute by itself under the "categorical approach" is not sufficient to warrant a conclusion that Respondent's conviction made him ineligible for the relief sought. The IJ erred in using the "categorical approach." The "modified categorical approach" should have been used in this case.

Then, in his brief to the BIA, Esparza-Diaz argued that the IJ "failed to do a proper analysis of the circumstances behind [his] conviction," and "failed to

3

analyze the statute to see if it indeed was a conviction pursuant to Section 237(a)(2)(C)."

The BIA dismissed the appeal, finding that Esparza-Diaz had not met his burden to show he was eligible for cancellation of removal. The BIA concluded, "It is undisputed that respondent was convicted of carrying a concealed firearm," and that Esparza-Diaz did not argue that his conviction was not a firearm offense. Esparza-Diaz now seeks review before this court.

## II.

The government argues that Esparza-Diaz failed to exhaust his claims before the BIA, thereby depriving us of jurisdiction to review his claim. Esparza-Diaz contends that the BIA erred by affirming the IJ's decision because his 1995 conviction was not a disqualifying firearm offense, as he was convicted under a divisible statute that contained both firearm offenses and non-firearm offenses. He further contends that the IJ and BIA should have applied the law under IMMACT90, rather than IIRIRA, because his conviction pre-dated IIRIRA. Finally, he states that he should not be penalized for the ineffective assistance of his counsel.

## III.

We review questions of our subject-matter jurisdiction *de novo*. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).[3] We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto. *See* 8 U.S.C. § 1252(d)(1); *see also Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (stating that, "absent a cognizable excuse or exception, [this Court] lack[s] jurisdiction to consider claims that have not been raised before the BIA") (citations and quotation omitted). To properly raise a claim before the BIA, the petitioner must mention the issue and discuss its merits, or at least contest the basis for the IJ's decision. *See Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006) (concluding that the petitioner failed to exhaust his cancellation-of-removal claim because, in his appeal to the BIA, the petitioner "never discussed the merits of his application for cancellation of removal, let alone the IJ's basis for denying it").

Our review of the Notice of Appeal and Esparza-Diaz's brief to the BIA establish that Esparza-Diaz sufficiently alleged the IJ's error before the BIA. *Alim*, 446 F.3d at 1253. Accordingly, we conclude that Esparza-Diaz exhausted his argument that the IJ erred by finding he was ineligible for relief based on his prior conviction.

---

[3] By statute, our jurisdiction is limited. *See* 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to consider questions of law such as the one raised here. *See* 8 U.S.C. § 1252(a)(2)(D).

IV.

Turning to the merits, we will only review the BIA decision, except to the extent that it expressly adopts the IJ's opinion, in which case we will also review the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). If the BIA explicitly agrees with particular findings of the IJ, we review both the BIA's and IJ's conclusions regarding those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). In this case, the BIA expressly agreed with the IJ's conclusion that Esparza-Diaz had been convicted of a disqualifying firearm offense. Accordingly, we will review both opinions.

We review *de novo* questions of law. *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335-36 (11th Cir. 2011). Review of a removal order is conducted only on the administrative record on which the removal order is based, and we lack the authority to remand a case to the BIA to consider new evidence. *See* 8 U.S.C. § 1252(a)(1) and (b)(4)(A); *Al Najjar*, 257 F.3d at 1278-79, 1281 (stating the general rule that appellate courts "may not go outside of the administrative record" and explaining that the court is statutorily precluded from remanding to the BIA for consideration of new evidence). Moreover, Esparza-Diaz argues for the first time in his reply brief that we should remand for consideration of new evidence. We do not consider arguments raised for the first time in a reply brief. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

6

The IJ's factual determinations are reviewed under a substantial evidence standard, and we will affirm the IJ's decision so long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1006 (11th Cir. 2008). Under this test, the IJ's decision can be reversed only if the record compels a reasonable fact finder to conclude otherwise. *Id.*

The Attorney General may cancel removal of a non-permanent resident alien who is inadmissible or deportable if the alien meets certain conditions. Relevant to this case, Esparza-Diaz must not have been convicted of one of the enumerated offenses. 8 U.S.C. § 1229b(b)(1). The enumerated disqualifying offenses include any conviction "under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying . . . any weapon, part, or accessory which is a firearm." 8 U.S.C. §§ 1227(a)(2), 1129b(b)(1)(C).

A respondent "charged with deportability shall be found to be removable if the Service proves by clear and convincing evidence that the respondent is deportable as charged." 8 C.F.R. § 1240.8(a). When requesting relief from removal, the respondent bears the burden of proving his eligibility for relief. 8 C.F.R. § 1240.8(d).

Here, the government submitted records from state and county courts showing that Esparza-Diaz was initially charged with carrying a concealed weapon

and that the case was transferred to county court where he was sentenced for open carrying of a firearm. Esparza-Diaz did not present any evidence to the IJ or to the BIA challenging this finding. In fact, at no time before the IJ or BIA did he even identify the Florida Statute under which he was convicted. 8 U.S.C. § 1252(a)(1) and (b)(4)(A); *Al Najjar*, 257 F.3d at 1278-79, 1281. Accordingly, any new evidence regarding his statute of conviction is not properly before us.

The BIA adopted the IJ's conclusion that Esparza-Diaz had previously been convicted of a disqualifying firearm offense, and this conclusion was supported by substantial evidence. The sheriff's office and court documents demonstrate that Esparza-Diaz had been charged with and convicted of a firearm-related offense. The IJ and BIA found that Esparza-Diaz conceded through counsel that his prior conviction constituted a disqualifying offense, and Esparza-Diaz has never argued that he was not convicted of a firearms offense.[4] The record does not compel a reasonable factfinder to conclude otherwise. *De Santamaria*, 525 F.3d at 1006. As such, this claim does not present a basis for us to grant Esparza-Diaz's petition for review.[5]

---

[4] Based on the exchange between the IJ and Esparza-Diaz's counsel, we are not convinced that counsel conceded Esparza-Diaz's ineligibility. But we note that Esparza-Diaz has never argued that he was not convicted of a firearms offense, nor has he challenged the IJ's and BIA's finding that he conceded ineligibility. Rather, his arguments have challenged the sufficiency of the evidence before the IJ and the manner of the IJ's analysis.

[5] Even if we were to review the conviction using the modified categorical approach, we would reach the same conclusion as the IJ and BIA. *See Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275,

V.

Finally, before the BIA, Esparza-Diaz did not raise his claims regarding ineffective assistance of counsel, that IIRIRA does not apply because he was convicted prior to the date of its enactment, or that the statute under which he was convicted was divisible. Thus, these unexhausted claims are not properly before us. *Amaya-Artunduaga*, 463 F.3d at 1250.

**PETITION DENIED in part, DISMISSED in part.**

---

1280 (11th Cir. 2013) (applying modified approach to divisible statute). The record of conviction clearly indicates that Esparza-Diaz was convicted of and sentenced for open carrying of a firearm. There can be little dispute that such an offense qualifies as a firearm offense under 8 U.S.C. §§ 1227(a)(2), 1129b(b)(1)(C).