[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14158
Non-Argument Calendar
_____

Agency No. A087-003-203


JOSE ANGEL GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 10, 2015)

Before MARTIN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jose Angel Gonzalez, proceeding *pro se*, petitions for review of an order by the Board of Immigration Appeals ("BIA") dismissing his *pro se* appeal from the Immigration Judge's ("IJ") decision ordering his removal to Mexico.  After careful review, we deny the petition in part and dismiss it in part.

## I.

Gonzalez, a native and citizen of Mexico, became a legal permanent resident of the United States in April 2008.  In February 2009, he was convicted, pursuant to a guilty plea, in Florida state court of possession of cannabis, in violation of Fla. Stat. 893.13(6)(a), and of possession of cannabis with intent to sell or deliver, in violation of Fla. Stat. § 893.13(1)(a).  For these offenses, he was sentenced to eighteen months' probation, which terminated in January 2010.

In January 2011, the Department of Homeland Security commenced removal proceedings against Gonzalez after he sought admission to the United States at the Miami International Airport.  DHS charged that he was removable as an alien convicted of a controlled substance offense, 8 U.S.C. § 1182(a)(2)(A)(i)(II), and as an alien who the immigration officer had reason to believe "is or has been an illicit trafficker in any controlled substance," *id.* § 1182(a)(2)(C).

At a master calendar hearing, Gonzalez through counsel admitted that he was an alien who had sought admission to the United States, but he denied the charges of removability.  Based on conviction records submitted by the

2

government, the IJ sustained both charges.  Gonzalez did not seek any relief from removal.  Instead, he requested a continuance of his removal proceedings while he pursued a collateral attack on his convictions in Florida court.  Gonzalez sought to vacate his convictions under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), arguing that his plea counsel provided ineffective assistance in failing to advise him of the immigration consequences of a guilty plea.  Over the government's objection, the IJ granted a continuance.

Gonzalez made two additional requests to continue the removal proceedings pending the United States Supreme Court's and the Florida Supreme Court's decisions on the question of whether *Padilla* applied retroactively.  The IJ granted both requests and continued proceedings until March 2013.

By March 2013, both the United States Supreme Court and the Florida Supreme Court had held that *Padilla* did not apply retroactively.  *See Chaidez v. United States*, 133 S. Ct. 1103 (2013); *Hernandez v. State*, 124 So. 3d 757 (Fla. 2012).  Consequently, at a hearing in March 2013, the IJ denied Gonzalez's request for another continuance.  The IJ then issued an oral decision and order of removal, finding that Gonzalez was removable based on his drug-trafficking and controlled-substance convictions and noting that his attorney had indicated that he was ineligible for any other relief from removal.

Gonzalez filed a *pro se* notice of appeal to the BIA. In the materials he submitted to the BIA, he indicated that he was appealing because (1) the IJ erred in not further continuing his case pending his challenge to his criminal convictions based on plea counsel's ineffective assistance, (2) he was dissatisfied with his former immigration attorney because she did not properly advocate for him or advise him of the availability of asylum relief, and (3) he wished to apply for asylum relief based on the threat posed by Mexico's ongoing drug war.

On August 13, 2014, the BIA issued a decision dismissing Gonzalez's appeal. The BIA concluded that the IJ properly denied Gonzalez's request for a continuance because Gonzalez's conviction was final for immigration purposes, notwithstanding his pending collateral attack, and he had not shown good cause for a continuance. Furthermore, the BIA found that Gonzalez did not comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), for raising a claim of ineffective assistance of immigration counsel. This petition for review followed.

Construing Gonzalez's appellate brief liberally, *see Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997), Gonzalez contends that he was precluded from seeking relief from removal due to the ineffectiveness of his immigration attorney, and he suggests that he did in fact comply with the procedural requirements of *Lozada*. He also indicates that he may be eligible for asylum and

4

cancellation of removal.  Specifically, he contends that his Florida convictions do not render him ineligible for relief under this Court's decision in *Donawa v. U.S. Attorney General*, 735 F.3d 1275 (11th Cir. 2013).  The government responds that we lack jurisdiction to consider Gonzalez's petition for review because he has raised no colorable constitutional question or question of law.

## II.

We review our subject-matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).   Under 8 U.S.C. § 1252(a)(2)(C), we generally lack jurisdiction to review a final order of removal against a petitioner who is removable for having committed certain criminal offenses, including controlled-substance offenses or drug-trafficking crimes.  *See* 8 U.S.C. § 1182(a)(2).  Despite this broad jurisdictional bar, we retain jurisdiction to review "constitutional claims or questions of law" raised in a petition for review. *Id.* § 1252(a)(2)(D).   "[Q]uestions of law," as the phrase is used in § 1252(a)(2)(D), include claims by a petitioner "challeng[ing] the application of an undisputed fact pattern to a legal standard."  *Jean-Pierre v. U.S. Att'y Gen.*, 500 F.3d 1315, 1322 (11th Cir. 2007).  Thus, if we determine that an issue presents a mixed question of law and fact, we review the BIA's legal conclusions *de novo*. *See id.* at 1321-22.  However, a "garden-variety abuse of discretion argument"

does not qualify as a legal question within the meaning of § 1252(a)(2)(D). *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008).

Also, "[w]e lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga*, 463 F.3d at 1250; *see* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right.").

## III.

"It is well established in this Circuit that an alien in civil deportation proceedings, while not entitled to a Sixth Amendment right to counsel, has the constitutional right under the Fifth Amendment Due Process Clause right to a fundamentally fair hearing[,]" which includes the right "to effective assistance of counsel where counsel has been obtained." *Dakane v. U.S. Att'y Gen.*, 399 F .3d 1269, 1273 & n.6 (11th Cir. 2004); *see Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1221 (11th Cir. 2003).

In *Lozada*, the BIA set forth the following three procedural requirements that a petitioner must satisfy when seeking administrative relief from an order of removal on the basis of ineffective assistance of counsel:

> (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what

6

representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

*Dakane*, 399 F.3d at 1274 (quoting *Lozada*, 19 I. & N. Dec. at 639). We have held that "[t]he BIA does not abuse its discretion by filtering ineffective assistance of counsel claims through the screening requirements of *Lozada*." *Gbaya*, 342 F.3d at 1223. In *Gbaya*, we left open the question of "whether the BIA may enforce strict compliance with *Lozada* or must also accept substantial compliance." *Id.* at 1222.

The government contends that the question of whether Gonzalez complied with the requirements of *Lozada* is a factual one outside of this Court's limited jurisdiction under 8 U.S.C. § 1252(a)(2)(D). To the extent that Gonzalez claims that he did, in fact, comply with *Lozada*'s requirements, he effectively challenges the BIA's factfinding, which we lack jurisdiction to review in this case.[1] *See Jean-*

---

[1] As part of his brief on appeal, Gonzalez submitted letters showing that he filed a bar complaint against his immigration attorney and, apparently, his plea counsel in the underlying criminal case. However, even if we had jurisdiction to review the BIA's factfinding, these letters are not properly before us because they were not part of the administrative record before the BIA. *See* 8 U.S.C. § 1252(a)(1), (b)(4)(A); *Najjar v. Ashcroft*, 257 F.3d 1262, 1278-81 (11th Cir. 2001). Moreover, the letters are dated after the BIA issued its decision dismissing Gonzalez's appeal, so they do not show that he complied with the requirements of *Lozada* in presenting his arguments to the BIA.

*Pierre*, 500 F.3d at 1322.  But "in so far as [Gonzalez] challenges the application of an undisputed fact pattern to a legal standard," we have jurisdiction to review his claim.  *See Jean-Pierre*, 500 F.3d at 1322.  In other words, we have jurisdiction to review whether a fact pattern constitutes "substantial, if not exact, compliance, with the procedural requirements of *Lozada*."  *See Dakane*, 399 F.3d at 1274

Here, the BIA found that Gonzalez did not (1) file an affidavit detailing what aspect of his agreement with his attorney was violated, (2) provide notice to his attorney of the allegations of ineffective assistance, or (3) submit a bar complaint filed with the appropriate authorities or an explanation of why no complaint was presented.  In *Gbaya*, we held that a petitioner did not establish substantial compliance with *Lozada* because he had failed to "submit[] a sworn affidavit attesting to the relevant facts of his ineffective assistance claim" and to "provide[] his former counsel with notice and an opportunity to respond."  *Gbaya*, 342 F.3d at 1222.  Therefore, under *Gbaya*, it is clear that Gonzalez failed to comply substantially with the procedural requirements of *Lozada*.

Because § 1252(a)(2)(C) limits our review of Gonzalez's final order of removal, we also lack jurisdiction to review the IJ's simultaneous denial of Gonzalez's request to continue removal proceedings.  *See Alvarez Acosta*, 524 F.3d at 1195-97 & n.12.  Gonzalez does not claim that the IJ applied an improper legal standard in denying his request for a continuance, and a "garden-variety

8

abuse of discretion argument" does not qualify as a legal question within the meaning of § 1252(a)(2)(D). *See id.* at 1196-97; *see also Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006) (stating that the denial of motion for continuance is reviewed for an abuse of discretion).

Finally, Gonzalez's claim that he is eligible to apply for cancellation of removal or for asylum, based on this Court's decision in *Donawa*, is not properly before us.[2]  During his removal proceedings, Gonzalez did not apply for relief in the form of cancellation of removal or asylum, nor did he challenge the classification of his 2009 cannabis convictions.  Because Gonzalez did not exhaust his administrative remedies with respect to these contentions, we do not consider Gonzalez's present arguments on these issues.  *See Amaya-Artunduaga*, 463 F.3d at 1250.  In so far as these challenges relate to the merits of his claim of ineffective assistance of immigration counsel, we also do not reach them because Gonzalez did not substantially comply with *Lozada*.

In sum, Gonzalez's petition for review is **DENIED IN PART** and **DISMISSED IN PART**.

---

[2] In *Donawa*, we held that Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, was not a "drug trafficking crime," as defined in 18 U.S.C. § 924(c)(2), and therefore was not a "drug trafficking aggravated felony" under 8 U.S.C. § 1101(a)(43)(B).  735 F.3d at 1279-82.  Thus, Gonzalez suggests that *Donawa* affects whether Gonzalez's conviction under the same statute, § 893.13(1)(a), qualifies as an "aggravated felony" for purposes of determining his eligibility for cancellation of removal or asylum.  *See* 8 U.S.C. §§ 1229b(a)(3), 1158(b)(2)(B)(i). We do not reach this question, however, because it is not properly before us.