[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13445
Non-Argument Calendar
_____

Agency No. A022-549-734


ALEX NARCISSE,
a.k.a. Alex L. Narcisse,
a.k.a. Alex Lamarque Narcisse,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 22, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Alex Narcisse, a native and citizen of Haiti, petitions for review of the final order of removal of the Board of Immigration Appeals. The Board ruled that Narcisse was not entitled to withdraw his concession of removability because of the alleged ineffectiveness of his counsel and that Narcisse was ineligible for cancellation of removal, 8 U.S.C. § 1182(a)(2). We deny Narcisse's petition.

## I. BACKGROUND

In January 1980, Narcisse became a lawful permanent resident of the United States. In March 1985, he was convicted in a New York court of attempted robbery in the second degree and sentenced to five years of probation. *See* N.Y. Penal Law § 110-160.10. In 2014, Narcisse entered in a Florida court a plea of nolo contendere to possession of cocaine, and the court withheld adjudication pending Narcisse's completion of two days of imprisonment and one year of probation. *See* Fla. Stat. § 893.13(6)(a).

Narcisse traveled abroad and, in May 2015, when he returned to the United States by way of Miami International Airport, the Department of Homeland Security classified him as an alien seeking admission, *see* 8 U.S.C. § 1101(a)(13)(C)(v), who was inadmissible because of his prior convictions for a crime of moral turpitude and for an offense relating to a controlled substance, *see* *id.* § 1182(a)(2)(A)(i)(I), (a)(2)(A)(i)(II). During a hearing, counsel conceded that Narcisse was an arriving alien who was inadmissible, and an immigration judge

2

admitted into evidence copies of Narcisse's prior convictions. Later, the immigration judge denied Narcisse's applications for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment, *id.* §§ 1158(b), 1231(b)(3), and ordered Narcisse removed from the United States.

On appeal to the Board, Narcisse sought to withdraw his concession of removability and to cancel the order of removal. Narcisse argued that his counsel was ineffective for conceding he was an arriving alien under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 because it did not apply retroactively to his 1985 conviction to deprive him of lawful resident status. *See Vartelas v. Holder*, 566 U.S. 257 (2012). Counsel also was ineffective, Narcisse argued, for conceding he was inadmissible because his drug conviction did not qualify categorically as an offense relating to a controlled substance, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Narcisse also argued for cancellation of removal based on his continuous residence in the United States. *See id.* § 1229b(a).

The Board denied Narcisse's appeal. The Board ruled that counsel's decision to concede that Narcisse was removable based on his prior drug conviction was not "the result of unreasonable professional judgment or . . . so unfair that [it] . . . produced an unjust result in [his] case." The Board concluded that Narcisse "[had]

not demonstrated that his 2014 conviction . . . for Possession of Cocaine . . . is not a controlled substance violation under . . . the Act" because he "[had] not specifically identified in his appellate brief any controlled substances included on the Florida schedule that are not included on the Federal schedule . . . ." And even if the Florida statute had been "broader than the Federal schedule," the Board concluded, Narcisse "[had] not demonstrated a 'realistic probability, not a theoretical possibility,' that the statute is in fact applied . . . to punish possession of controlled substances not included on the Federal schedules." "In addition," the Board stated, Narcisse "[had] not clearly established that the statute under which he was convicted is not divisible within the meaning of *Descamps v. United States*, 133 S.Ct. 2276 (2013), given that the Standard Florida Jury Instruction applicable to § 893.13(6)(a) clearly requires the prosecution to allege, and the jury to find, that the accused possessed a 'specific substance' not just any scheduled substance." The Board also ruled that Narcisse was ineligible for cancellation of removal because his "1985 conviction for Attempted Robbery" ended "his accrual of continuous residence in the United States following his admission as a lawful permanent resident" in 1980.

## II. STANDARD OF REVIEW

One standard governs our review of Narcisse's petition. We review *de novo* the interpretation of a state statute in immigration proceedings, *Ramos v. U.S. Att'y*

4

*Gen.*, 709 F.3d 1066, 1069 (11th Cir. 2013); whether an alien has been denied due process, *see Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010); and whether a prior conviction makes an alien ineligible for cancellation of removal, *see Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279 (11th Cir. 2013).

## III. DISCUSSION

Narcisse challenges the denial of relief by the Board. Narcisse argues that competent counsel would have contested the charges of removability and that "the Board erred as a matter of law" by relying on his prior convictions to find that he was an arriving alien who was inadmissible. Narcisse also argues that he satisfied the continuous residence requirement to qualify for cancellation of removal. Narcisse fails to establish that the Board erred.

Narcisse was not entitled to withdraw his concession of removability based on the alleged ineffectiveness of his counsel. Narcisse could not prove that he was prejudiced because he was removable based on his prior conviction for possession of cocaine. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2004). Narcisse, a lawful permanent resident, had to "be regarded as seeking an admission into the United States" in 2015 because, one year earlier, he had "committed an offense," 8 U.S.C. § 1101(a)(13)(C)(v), involving "a violation of . . . a[] law . . . of a State . . . relating to a controlled substance" that made him inadmissible, *id.* § 1182(a)(2)(A)(i)(II). *See Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1178–79

(11th Cir. 2012). The offense of possession of a controlled substance under Florida law is divisible and requires proof of a specific substance as an element of the offense. *See Descamps*, 133 S. Ct. at 2285; *Taylor v. United States*, 495 U.S. 575, 599, 602 (1990). Narcisse argues that the statute "is not divisible," but he fails to challenge the conclusion of the Board that the statute is divisible because, under the pattern jury instruction given in cases involving the possession of a controlled substance, *see* Fla. Standard Jury Instructions in Criminal Cases 25.7 (2014), a jury would have been required to find that Narcisse possessed cocaine, as opposed to another substance, to convict. And Narcisse's conviction involves cocaine, a substance in the federal drug schedule, 21 U.S.C. § 802(6), and would qualify as a controlled substance offense in violation of federal law, *id.* § 844. Narcisse's prior conviction for an offense related to a controlled substance made him removable, *see* 8 U.S.C. §§ 1101(a)(13)(C)(v), 1182(a)(2)(A)(i)(II), so his counsel was not ineffective for conceding removability.

Narcisse also was ineligible for cancellation of removal. To qualify for cancellation of removal, Narcisse had to have "resided in the United States continuously for 7 years after having been admitted." *See id.* § 1229b(a)(2). But Narcisse's continuous residence terminated in 1985, five years after his admission, "when []he . . . committed an offense referred to in section 1182(a)(2)" that made him inadmissible. *See id.* § 1229b(d)(1). Narcisse argues that his conviction for

6

attempted robbery cannot be used "for [his] removal as an 'arriving alien'" under section 1101, yet in so doing, he has abandoned any argument that he could have made challenging the finding of the Board that his conviction for attempted robbery is a crime of moral turpitude that "cease[d] his accrual of continuous residence" under section 1229b. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). The Board could base its ruling on Narcisse's 1985 conviction because the "period of continuous residence shall be deemed to end . . . when the alien has committed an offense" that renders him inadmissible, 8 U.S.C. § 1229b(d)(1)(B), not just the offense that makes him removable. Narcisse was ineligible for cancellation of removal because he failed to accrue seven years of continuous residence in the United States. *See id.* § 1229b(a)(2).

We **DENY** Narcisse's petition for review.

7