[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15783
Non-Argument Calendar
_____

Agency No. A206-848-239

JUANA SANTIAGO-AJQUI,
JACINTO RAYMUNDO-SANTIAGO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 23, 2019)

Before TJOFLAT, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Juana Santiago-Ajqui and her son, Jacinto Raymundo-Santiago, are natives and citizens of Guatemala.  They entered the United States without inspection, and Santiago-Ajqui later applied[1] for asylum and withholding of removal.[2]  The Immigration Judge ("IJ") denied the application, and the Board of Immigration Appeals ("BIA") affirmed.[3]  Now, she petitions this Court for review, and we affirm the denial.

Santiago-Ajqui makes two arguments on appeal.  First, she argues that she was persecuted on account of her membership in a particular social group, the "Mayan indigenous group[] that lack[s] protection from the government."  Second, she claims the "Mayan indigenous group[] that lack[s] protection from the government" is properly considered a "social group" under 8 U.S.C. § 1101(a)(42)(A).[4]  We begin, and ultimately end, with the first argument.

---

[1] Santiago-Ajqui's son is a derivative beneficiary on her asylum claim, and he did not file his own application for relief.  So we discuss the claims and arguments as they relate to Santiago-Ajqui only.

[2] Santiago-Ajqui abandoned her withholding-of-removal claim because she did not mention it in her opening brief.  *Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (citing *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998)).

[3] Santiago-Ajqui also applied for withholding of removal under the United Nationals Convention Against Torture and other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 C.F.R. § 208.16(c), which the IJ denied.  She did not raise this issue before the BIA and does not raise it before this Court.

[4] Santiago-Ajqui makes three other arguments.  First, Santiago-Ajqui seems to argue that she was or would be persecuted on account of her race.  We do not have jurisdiction to consider this claim because she did not raise it before the BIA.  *Amaya-Artunduaga v. U.S. Attorney Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  While we do have jurisdiction over a related claim—that the BIA failed to give reasoned consideration to her race-based claim—it fails, too.

The Attorney General or the Secretary of the Department of Homeland Security has discretion to grant asylum to an alien who meets the Immigration and Nationality Act's definition of "refugee."  8 U.S.C. § 1158(b)(1)(A).  A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

*Id.* § 1101(a)(42)(A).  The asylum applicant has the burden of proving "refugee" status.  *Id.* § 1158(b)(1)(B)(i).  To satisfy this burden, the alien must show (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear that the statutorily protected ground will cause future persecution.  8 C.F.R. § 208.13(b).

To show a nexus between the persecution and a protected ground, the applicant must prove that one of the protected grounds "was or will be at least one

---

The BIA must give reasoned consideration only to the claims raised before it.  *See Indrawati v. U.S. Attorney Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015).

Second, Santiago-Ajqui argues that she showed past persecution before the IJ.  This issue is not before us because the BIA did not address it and instead affirmed the IJ on the nexus issue. *See Donawa v. U.S. Attorney Gen.*, 735 F.3d 1275, 1279 (11th Cir. 2013).

Third, Santiago-Ajqui argues that she qualifies for humanitarian asylum because she might suffer "other serious harm if she returns to Guatemala."  *See* 8 C.F.R. § 1208.13(b)(1)(iii)(B).  We do not have jurisdiction to consider this claim because she did not raise it before the BIA.  *Amaya-Artunduaga*, 463 F.3d at 1250.

3

central reason" for the persecution.  8 U.S.C. § 1158(b)(1)(B)(i).  The nexus requirement is not satisfied when the applicant merely shows that he or she was subjected to acts of private violence or criminal activity.  *See Ruiz v. U.S. Attorney Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (per curiam) (citing *Sanchez v. U.S. Attorney Gen.*, 392 F.3d 434, 438 (11th Cir. 2004)).

The BIA affirmed the IJ's finding that Santiago-Ajqui failed to show a nexus between the alleged persecution and her membership in the "Mayan indigenous group[] that lack[s] protection from the government."  Santiago-Ajqui challenges this finding, and we must affirm the decision to deny asylum if it "is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  *Silva v. U.S. Attorney Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001)).

Turning to the record, Santiago-Ajqui testified as follows.  In December 2010, Santiago-Ajqui heard people circling her home in the middle of the night.  She didn't see these people, and she didn't know who they were.  About a week later, gang members demanded money from one of Santiago-Ajqui's neighbors.  Because these two events were just a week apart, Santiago-Ajqui assumed the people who circled her home were the same thieves who demanded money from her neighbor.  One more week later, the men again came to Santiago-Ajqui's home and banged and pushed on the door trying to get inside.  Later, Santiago-Ajqui saw

4

that the men had slipped a piece of paper under her door.  The letter demanded money and said the men would kill Santiago-Ajqui if she didn't give them the money.

The next day, the men called her cellphone.  She couldn't understand them because they were speaking Spanish.  After the call, Santiago-Ajqui stayed with neighbors for a couple of weeks and then returned home.  A little while later, the men called again, this time speaking a language Santiago-Ajqui understood.  They again demanded money and threatened to kill her if she didn't get it in three days.  After this call, the gang more or less left Santiago-Ajqui alone.

In 2012, the gang began calling again.  They continued demanding money and threatening to kill Santiago-Ajqui if she didn't get it.  Santiago-Ajqui finally left Guatemala two years later because the gang members demanded money from a woman who lived near Santiago-Ajqui.  When the woman didn't pay, the gang members raped and killed her.  Santiago-Ajqui fears that she will be the gang members' next victim if she returns to Guatemala.

Substantial evidence supports the finding that Santiago-Ajqui failed to show a nexus between the alleged past persecution (or a well-founded fear of future persecution) and her membership in the "Mayan indigenous group[] that lack[s] protection from the government."  Santiago-Ajqui admitted that she did not know who the gang members were; indeed, she never saw them.  And all she knows is

5

that they want money from her.  Nothing in the record suggests the gang members targeted Santiago-Ajqui because she is part of the "Mayan indigenous group[] that lack[s] protection from the government."  Thus, Santiago-Ajqui cannot show that she allegedly was persecuted on account of her membership in this group.  *See Ruiz*, 440 F.3d at 1258 (noting the nexus requirement is not satisfied when the applicant merely shows that he or she was subjected to acts of private violence or criminal activity); *Silva*, 448 F.3d at 1238–39 (noting the nexus requirement is not satisfied when the applicant does not know her assailants or their motivations).  In light of this holding, we need not consider Santiago-Ajqui's second argument.

Accordingly, we deny the petition in part and dismiss it in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**